IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 10-cv-02411-PAB-CBS

ROSEMARY NIKKEL,

    Plaintiff,

v.

WAKEFIELD & ASSOCIATES, INC.,

    Defendant.

---

**ORDER DENYING MOTION TO DISMISS**

---

This matter is before the Court on defendant's motion to dismiss [Docket No. 12] plaintiff's amended complaint [Docket No. 10]. The motion is fully briefed and ripe for disposition. Jurisdiction over this case is based on federal question jurisdiction pursuant to 28 U.S.C. § 1331.

**I. BACKGROUND**

Plaintiff brings a claim under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA"), alleging that defendant used unlawful practices in attempting to collect on a debt. In her amended complaint, plaintiff alleges that she owed a debt to a creditor other than defendant and that this debt arose from a transaction "in which the money, property, insurance, or services that are the subject of the transaction were incurred primarily for personal, family, or household purposes." Docket No. 10 at 2, ¶ 9. In order to collect on this debt, plaintiff alleges defendant sent her an initial written communication "in the form of an unfiled 'courtesy' copy of legal

pleadings with a cover letter" without the disclosures required by the FDCPA, 15 U.S.C. § 1692g(a). *Id.* at 2, ¶ 11. According to the complaint, defendant demanded that plaintiff pay $239.59, accrued interest not expressly authorized by the agreement creating the debt. After filing suit against plaintiff in Colorado state court and serving process on her, defendant called plaintiff and told her that she would have to agree to pay the full amount of the debt, including applicable costs, in order to avoid going to court. Defendant then mailed plaintiff a "Stipulated Settlement Agreement" ("Settlement Agreement"), which required plaintiff to pay the full amount of the debt, including the principal, interest, and court costs. The Settlement Agreement also included a waiver provision stating: "[Plaintiff] waives any claims, counterclaims or causes of action including but not limited to actions under the Colorado Fair Debt Collection Practices Act, the Federal Credit Reporting Act, and the Federal Fair Debt Collection Practices Act, as well as any other administrative causes of action." *Id.* at 3, ¶ 15. The Settlement Agreement provided that plaintiff would be liable for defendant's attorney's fees and court costs associated with any action brought as a result of plaintiff's breach of the agreement. Plaintiff signed the Settlement Agreement. *Id*. at 4, ¶ 19.

Plaintiff alleges that her signing of the Settlement Agreement was neither knowing nor voluntary, that the Settlement Agreement was not supported by consideration, and that the Settlement Agreement was an unconscionable means of collecting a debt in violation of the FDCPA. As a remedy, plaintiff seeks actual damages, statutory damages pursuant to the FDCPA, and attorney's fees.

Defendant's motion to dismiss argues that the Court does not have jurisdiction over plaintiff's complaint under the *Rooker-Feldman* doctrine, res judicata, and

voluntary waiver. Defendant additionally argues that, even assuming the Court has jurisdiction, plaintiff has failed to state a claim under the FDCPA.

## II. STANDARD OF REVIEW

In its motion, defendant invokes Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). Dismissal pursuant to Rule 12(b)(1) is appropriate if the Court lacks subject matter jurisdiction over claims for relief asserted in the complaint. Rule 12(b)(1) challenges are generally presented in one of two forms: "[t]he moving party may (1) facially attack the complaint's allegations as to the existence of subject matter jurisdiction, or (2) go beyond allegations contained in the complaint by presenting evidence to challenge the factual basis upon which subject matter jurisdiction rests." *Merrill Lynch Bus. Fin. Servs., Inc. v. Nudell*, 363 F.3d 1072, 1074 (10th Cir. 2004) (quoting *Maestas v. Lujan*, 351 F.3d 1001, 1013 (10th Cir. 2003)). When resolving a facial attack on the allegations of subject matter jurisdiction, the Court "must accept the allegations in the complaint as true." *Holt v. United States*, 46 F.3d 1000, 1002 (10th Cir.1995). To the extent the defendant attacks the factual basis for subject matter jurisdiction, the Court "may not presume the truthfulness of the factual allegations in the complaint, but may consider evidence to resolve disputed jurisdictional facts." *SK Finance SA v. La Plata County*, 126 F.3d 1272, 1275 (10th Cir. 1997). "Reference to evidence outside the pleadings does not convert the motion to dismiss into a motion for summary judgment in such circumstances." *Id.* Ultimately, and in either case, plaintiff has "[t]he burden of establishing subject matter jurisdiction" because she is "the party

asserting jurisdiction." *Port City Props. v. Union Pac. R.R. Co.*, 518 F.3d 1186, 1189 (10th Cir. 2008).

Under Rule 12(b)(6), the "court's function . . . is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's Complaint alone is legally sufficient to state a claim for which relief may be granted." *Dubbs v. Head Start, Inc.*, 336 F.3d 1194, 1201 (10th Cir. 2003) (citations omitted). In doing so, the Court "must accept all the well-pleaded allegations of the complaint as true and must construe them in the light most favorable to the plaintiff." *Alvarado v. KOB-TV, L.L.C.*, 493 F.3d 1210, 1215 (10th Cir. 2007) (quotation marks and citation omitted). "In addition to the complaint, the district court may consider documents referred to in the complaint if the documents are central to the plaintiff's claim and the parties do not dispute the documents' authenticity." *Jacobsen v. Deseret Book Co.*, 287 F.3d 936, 941 (10th Cir. 2002). A court, however, need not accept conclusory allegations. *Moffett v. Halliburton Energy Servs., Inc.*, 291 F.3d 1227, 1232 (10th Cir. 2002). Generally, "[s]pecific facts are not necessary; the statement need only 'give the defendant fair notice of what the claim is and the grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (per curiam) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)) (omission marks, internal quotation marks, and citation omitted). The "plausibility" standard requires that relief must plausibly follow from the facts alleged, not that the facts themselves be plausible. *Bryson v. Gonzales*, 534 F.3d 1282, 1286 (10th Cir. 2008). However, "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has

alleged – but it has not shown – that the pleader is entitled to relief." *Ashcroft v. Iqbal*, --- U.S. ----, 129 S. Ct. 1937, 1950 (2009) (internal quotation marks and alteration marks omitted). Thus, even though modern rules of pleading are somewhat forgiving, "a complaint still must contain either direct or inferential allegations respecting all the material elements necessary to sustain a recovery under some viable legal theory." *Bryson*, 534 F.3d at 1286 (quotation marks and citation omitted).

## III. ANALYSIS

### A. Conversion to Summary Judgment

As a threshold matter, plaintiff argues that defendant's motion to dismiss must be converted to a motion for summary judgment because it presents materials outside the pleadings. Defendant's motion does include the records from the parties' state court action as exhibits. However, defendant's motion argues that the Court does not have subject matter jurisdiction over plaintiff's claims pursuant to the doctrines of *Rooker-Feldman* and res judicata. Generally, when "a party's Rule 12(b)(1) motion challenges the facts upon which subject matter jurisdiction depends, 'a district court may not presume the truthfulness of the complaint's factual allegations'" and "'has wide discretion to allow affidavits, other documents . . . to resolve disputed jurisdictional facts under Rule 12(b)(1).'" *Sizova v. Nat'l Institute of Standards & Tech.*, 282 F.3d 1320, 1324 (10th Cir. 2002) (quoting *Holt v. United States*, 46 F.3d 1000, 1003 (10th Cir. 1995)). Reliance on these materials "does not, as a general rule, convert the motion to one for summary judgment." *Id.*

Plaintiff argues that an exception to this rule applies here because resolution of the jurisdictional question is intertwined with the merits of the case. *See id.* Specifically, plaintiff contends that the two issues are intertwined because "subject matter jurisdiction is dependent on the same statute which provides the substantive claim." *Id.* (quoting *Wheeler v. Hurdman*, 825 F.2d 257, 259 (10th Cir. 1987)). The FDCPA provides the Court's subject matter jurisdiction in this case; however, the jurisdictional issues raised by defendant's motion require the Court only to investigate whether the parties' earlier state case bars it from exercising jurisdiction over plaintiff's FDCPA claim. Analysis of the Court's jurisdiction is entirely independent of the merits of plaintiff's FDCPA claim and does not require any interpretation of the FDCPA. Therefore, the Court can properly consider the outside materials without converting the motion to one for summary judgment. *See id.* (under the intertwined with the merits exception, "the underlying issue is whether resolution of the jurisdictional question requires resolution of an aspect of the substantive claim") (quoting *Pringle v. United States*, 208 F.3d 1220, 1223 (10th Cir. 2000)).

### B. Grounds for Dismissal Pursuant to Rule 12(b)(1)

#### 1. *Rooker-Feldman*

Defendant argues that the Court lacks subject-matter jurisdiction over plaintiff's FDCPA claim because her suit is essentially an appeal of a state court judgment and thus barred by the *Rooker-Feldman* doctrine. The *Rooker-Feldman* doctrine provides that, since the United States Supreme Court has exclusive jurisdiction to adjudicate claims seeking review of state court judgments, federal district courts lack jurisdiction to

adjudicate such claims. *See Dist. of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923). The doctrine applies to "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the [federal] district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005). It bars the adjudication both of "claims actually decided by a state court and claims inextricably intertwined with a prior state-court judgment." *PJ ex rel. Jensen v. Wagner*, 603 F.3d 1182, 1193 (10th Cir. 2010) (quotations omitted). The Tenth Circuit has also held that "*Rooker-Feldman* bars review not only of final judgments entered by state courts, but also of their interlocutory orders." *Bisbee v. McCarty*, 3 F. App'x 819, 823 (10th Cir. 2001).

According to defendant, plaintiff's claims seek review of the state court's approval of the Settlement Agreement and, thus, its rulings and judgment. In support of this argument, defendant submits evidence that the parties entered into the Settlement Agreement, Docket No. 12-1 at 12-13, that the state court issued an order accepting the agreement, *see id.* at 15, and that the state court ultimately entered judgment against plaintiff due to her failure to comply with its terms. *See id.* at 21. The Court, therefore, must inquire whether plaintiff's FDCPA claim in the instant suit necessitates review of this earlier state court judgment. *See Exxon Mobil*, 544 U.S. at 284.

Plaintiff is not seeking review of the state court judgment or its interlocutory orders; rather, she is seeking review of the Settlement Agreement itself, arguing that defendant induced her to sign the agreement in a manner that violated the FDCPA.

7

Plaintiff's amended complaint does not allege that the state court erred in rendering its judgment, *see* Docket No. 10 at 2-6, nor does it seek to have the state court judgment overturned. *See id.* at 6-7. Thus, plaintiff's complaint does not invite "district court review and rejection" of a state court judgment. *See Exxon*, 544 U.S. at 284.

Nonetheless, defendant argues that plaintiff's FDCPA claim essentially seeks redress for injuries caused by the state court procedures used to obtain the judgment. Defendant points to two Tenth Circuit cases dismissing FDCPA claims as barred by *Rooker-Feldman*, *Bisbee v. McCarty*, 3 F. App'x 819 (10th Cir. 2001), and *Ellis v. CAC Financial Corp.*, 6 F. App'x 765 (10th Cir. 2001). In both of these cases, the plaintiffs complained that the defendants obtained state court judgments against them by making misrepresentations to the state court. *See Bisbee*, 3 F. App'x at 824 (finding plaintiff's FDCPA claim was "inextricably intertwined with some aspect of the state district court's interlocutory or final decisions" where plaintiff alleged that defendants filed an extortionate lawsuit and induced the state court judge to abdicate her responsibilities); *Ellis*, 6 F. App'x at 769 (FDCPA claim inextricably intertwined with state court judgment where plaintiffs also brought fraud, malicious prosecution, and abuse of process claims complaining "about procedures used to obtain the judgment, such as improper assignments of the amount due, perjury, and notarization of rubber-stamped signatures"). Here, plaintiff complains that the Settlement Agreement itself was obtained in a manner that violated the FDCPA because defendant induced her to enter into the agreement with misrepresentations and failures to disclose. Although the state court approved the Settlement Agreement, plaintiff's FDCPA claim complains of

8

misrepresentations that were "independent of and complete prior to" the state court's approval of the agreement or the state court judgment. *See Long v. Shorebank Dev. Corp.*, 182 F.3d 548, 556 (7th Cir. 1999); *see also Bisbee*, 3 F. App'x at 824 (distinguishing *Long*). The facts surrounding those misrepresentations were not before the state court. Therefore, *Rooker-Feldman* does not apply to plaintiff's FDCPA claim and the Court will deny defendant's motion to dismiss on these grounds.

### 2. Res Judicata

Defendant argues that the Court lacks subject-matter jurisdiction over plaintiff's FDCPA claim under the doctrines of res judicata and collateral estoppel. "The doctrine of res judicata, or claim preclusion, will prevent a party from relitigating a legal claim that was or could have been the subject of a previously issued final judgment. Under Tenth Circuit law, claim preclusion applies when three elements exist: (1) a final judgment on the merits in an earlier action; (2) identity of the parties in the two suits; and (3) identity of the cause of action in both suits." *MACTEC, Inc. v. Gorelick*, 427 F.3d 821, 831 (10th Cir. 2005) (internal citations omitted). Where these requirements are met, the claim is precluded "unless the party seeking to avoid preclusion did not have a 'full and fair opportunity' to litigate the claim in the prior suit." *Id.* (quoting *Yapp v. Excel Corp.*, 186 F.3d 1222, 1226 n.4 (10th Cir. 1999)).

Plaintiff argues that claim preclusion does not apply because the state court case and the instant case do not involve the same cause of action. The Tenth Circuit uses the "transactional approach" to determine what constitutes a "cause of action" for preclusion purposes. *See id.* at 832. "Under this approach, a cause of action includes

9

all claims or legal theories of recovery that arise from the same transaction." *Id.* Defendant's state court case against plaintiff brought claims relating to plaintiff's breach of contract and debt owed. *See* Docket No. 12-1 at 3-4 (state court complaint). Plaintiff's FDCPA claim does not relate to the existence of the underlying debt or her breach of contract; rather, it alleges that defendant violated the FDCPA when it attempted to collect that debt. Therefore, these causes of actions do not arise from the same transaction, and claim preclusion does not bar plaintiff's claim. *See Azar v. Hayter*, 874 F. Supp. 1314, 1317 (N.D. Fla. 1995) ("Plaintiff's FDCPA claim has nothing to do with whether the underlying debt is valid. An FDCPA claim concerns the method of collecting the debt. It does not arise out of the transaction creating the debt, and thus was not a compulsory counterclaim under state law in the action to collect the debt.").

Similarly, plaintiff's FDCPA claim is not barred by collateral estoppel because it was not actually litigated in the state action. Plaintiff never asserted this claim in the state court case and it was not adjudicated there. *See Kelly v. Wolpoff & Abramson, L.L.P.*, No. 07-cv-00091-EWN-KLM, 2007 WL 2381536, at *8 (D. Colo. Aug. 17, 2007) (collateral estoppel applies to issues actually litigated).

### 3. *Voluntary Waiver*

Defendant claims that plaintiff's case is barred by the Settlement Agreement itself, which includes an express waiver of plaintiff's right to bring an FDCPA claim. *See* Docket No. 12-1 at 12-13 ("Defendant(s) waives any and all claims, counterclaims or causes of action including but not limited to actions under the Colorado Fair Debt

Collection Practices Act, the Federal Credit Reporting Act, and the Federal Debt Collections Practices Act, as well as any other administrative causes of action."). Plaintiff claims that this waiver does not prevent her from bringing an FDCPA claim because the waiver was neither knowing nor voluntary and, therefore, is unenforceable. *See Torrez v. Public Serv. Co. of New Mexico, Inc.*, 908 F.2d 687, 689 (10th Cir. 1990) (waivers of federal remedial rights must be knowing and voluntary). Plaintiff further argues that waivers of FDCPA claims are invalid generally as against public policy. The Court finds that dismissal of plaintiff's case pursuant to the waiver in the Settlement Agreement would be inappropriate at this stage. The validity of the waiver depends on the facts surrounding the parties' signing of the Settlement Agreement, which facts are not yet before the Court. *See Bonanno v. The Quizno's Franchise Co. LLC*, No. 06-cv-02358-WYD-KLM, 2008 WL 638367, at *9 (D. Colo. Mar. 5, 2008) (resolution of unconscionability of contract claim premature at motion to dismiss stage). Therefore, the Court will deny defendant's motion to dismiss based on the existence of a voluntary waiver.

### C. Grounds for Dismissal Pursuant to Rule 12(b)(6)

#### 1. Failure to State a Claim Pursuant to 15 U.S.C. § 1692g(a)

Plaintiff's amended complaint alleges that defendant violated 15 U.S.C. § 1692g(a) by sending her an "initial written communication in the form of an unfiled 'courtesy' copy of legal pleadings with a cover letter" without also providing disclosures required by the FDCPA. *See* Docket No. 10 at 2, ¶ 11. Defendant argues that the "legal pleadings" sent to plaintiff fall under a statutory exception, which provides that: "A

communication in the form of a formal pleading in a civil action shall not be treated as a initial communication for purposes of subsection (a) of this section." 15 U.S.C. § 1692g(d). Plaintiff responds that "an unfiled, courtesy copy of legal pleadings" does not constitute a "formal pleading" under Section 1692g(d). *See* Docket No. 18 at 13. Neither party provides any authority interpreting whether unfiled "courtesy copies" of pleadings fall under the exception and the Court has found none. Defendant points to Colorado Rule of Civil Procedure 303(a), which allows a plaintiff to serve a copy of the complaint on the defendant before filing the complaint with the court. The Court finds that, under the plain language of Section § 1692g(d), the state court pleadings served on plaintiff were "formal pleadings" and therefore exempted from the requirements of 1692g(a). *See Hauk v. LVNV Funding, LLC*, 749 F. Supp. 2d 358, 367 (D. Md. 2010) (looking to list of pleadings in Federal Rule of Civil Procedure 7(a) as guide for defining "formal pleadings").

Plaintiff, however, alleges that defendant included a "cover letter" along with this pleading. *See* Docket No. 10 at 2, ¶ 11. A cover letter is not itself a "formal pleading." Thus, the cover letter could plausibly have been an initial communication separate from the pleadings, with which defendant was required to make the statutory disclosures. Therefore, the Court will not dismiss plaintiff's claim pursuant to 15 U.S.C. § 1692g(a) on these grounds.

Alternatively, defendant argues that, even if the cover letter is not exempted from the statute, this mailing was not its "initial communication" with plaintiff because it sent an earlier letter to plaintiff that included the required disclosures. The parties have a factual dispute over what mailings constituted the initial communication. The Court

cannot resolve the dispute at this stage of the case. Rather, in considering defendant's motion to dismiss, the Court "must accept all the well-pleaded allegations of the complaint as true." *See Alvarado v. KOB-TV, L.L.C.*, 493 F.3d 1210, 1215 (10th Cir. 2007). Here, plaintiff alleges that the pleadings and cover letter were defendant's "initial written communication." *See* Docket No. 10 at 2, ¶ 11. Therefore, the Court concludes that plaintiff has stated a claim pursuant to 15 U.S.C. § 1692g(a).

### 2. Failure to State a Claim Pursuant to 15 U.S.C. §§ 1692e, 1692f

Plaintiff alleges that defendant violated the Act by using means to collect her debt that are prohibited by 15 U.S.C. §§ 1692e and 1692f of the FDCPA. Defendant seeks dismissal of these claims, but does not argue that plaintiff has not properly alleged them. Rather, defendant claims that it did not actually violate the FDCPA, but supports this argument with unsupported assertions. *See* Docket No. 12 at 12-14 ("WFA only sought to recover the exact amount of the debt"; "WFA relied on the information the Hospital provided"; "Nikkel failed to follow the proper procedures"). It would be premature for the Court to resolve whether defendant in fact violated the statute at this time. Therefore, the Court rejects defendant's argument that plaintiff has failed to state a claim pursuant to 15 U.S.C. §§ 1692e and 1692f.

### D. Request for Sanctions

In addition to dismissal, defendant seeks sanctions, including attorney's fees, pursuant to Federal Rule of Civil Procedure 11 and 28 U.S.C. § 1927, on the theory that plaintiff and her counsel were aware of the express waiver in the Settlement Agreement

and nonetheless proceeded to file the instant case. As the Court finds plaintiff has adequately stated claims for relief, it will deny defendant's request for sanctions.

Therefore, it is

ORDERED that defendant's Motion With Incorporation of Legal Authority to Dismiss Plaintiff's Amended Complaint [Docket No. 12] is denied.

DATED September 26, 2011.

BY THE COURT:

s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge